UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT HAYES,

            Plaintiff,

vs.	Case No. 2:10-cv-739-FtM-29DNF

THE GEO CROUP, INC.,

            Defendant.
_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

**I.**

This matter comes before the Court upon review of Defendant's Motion to Dismiss, filed September 10, 2012 (Doc. #15, Motion). Plaintiff, who is civilly committed to the Florida Civil Commitment Center ("FCCC"), has pending before the Court a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against The GEO Group, Inc., the operator of the FCCC, for which he seeks compensatory and punitive damages (Doc. #1, Complaint). Plaintiff elected not to file a response to the Motion. See July 17, 2012 Order (Doc. #11) at 4, ¶10 (advising Plaintiff that he shall have twenty days to file a response to a motion to dismiss).

**II.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Christopher v. Harbury, 536 U.S.

403, 406 (2002); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). Additionally, *pro se* pleadings are liberally construed by the Court. Alba v. Montford, 517 F. 3d 1249, 1252 (11th Cir. 2008). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). See also Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Twombly, 550 U.S. at 556. A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 668 (2009). In other words, the plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556. However, although a complaint "does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." Id. at 555 (citations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Id. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Additionally, there is no longer a heightened pleading requirement. Randall, 610 F.3d 701, 710 (11th Cir. 2010). The Court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh, 268 F.3d at 1022; Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003); Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008).

### III.

Liberally construing the Complaint, Plaintiff alleges a constitutional violation stemming from his placement in disciplinary confinement as a result of exercising his rights to free speech. See generally Complaint. More specifically, Plaintiff states that on, March 16, 2010, he was in the housing area when "agents of GEO entered to conduct a count." Complaint at 2, ¶3. The GEO agent told a resident who was on the telephone to "terminate his call and go to his bunk." Id., ¶5. Plaintiff asked

the GEO agent "to see a rule requiring termination of phone calls during count." Id., ¶7. Plaintiff was placed "in a confinement cell" as result of asking the agent about the rule. Id., ¶10. Plaintiff claims that the act "was the result of written and unwritten GEO corporate policy and ingrained corporate culture that fosters retaliation against residents for the exercise of free speech." Id., ¶12. Plaintiff does not identify the individual who retaliated against him and placed him in confinement. See generally Id. Plaintiff does not identify for how long he was held in confinement, whether he had a hearing in connection with his placement in confinement, or whether the disciplinary action that resulted in his confinement was subsequently reversed or expunged. Id.

The Court finds the Complaint subject to dismissal pursuant to Rule 12(b)(6) and will grant Defendant's Motion. To hold GEO, a private entity performing a public function, liable under § 1983, Plaintiff must allege and establish that there was a policy or persistent and wide-spread practice of disciplining residents who exercise free speech. Buckner v. Toro, 116 F.3d 450, 452-53 (11th Cir. 1997); Monell v. Dep't of Social Srvs., 436 U.S. 658 (1978). A "random and unauthorized act by a state employee" does not establish a policy or procedure. Depew v. City of St. Mary's, Ga., 787 F.2d 1496, 1500 (11th Cir. 1986); see also German v. Broward Cty Sheriff's Off., 315 F. App'x 773, 776 (11th Cir. 2009).

-4-

Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. at 678.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Defendant's Motion to Dismiss (Doc. #15) is **GRANTED**, and Plaintiff's Complaint is dismissed without prejudice.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions and deadlines, and close this file.

**DONE AND ORDERED** at Fort Myers, Florida, on this   26th   day of November, 2012.

_____
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record